JOSEPH L. CASPERSON, Appellant, *v.* ADAM W. SPROULE, Respondent.

*Malicious Prosecution—Want of Probable Cause—Malice.*—To support an action for malicious prosecution, it must appear affirmatively that the defendant was instigated by malice, and that he had no probable cause for the prosecution. Malice may be inferred from the want of probable cause, but the want of probable cause cannot be inferred from proof of malice. That the accused was discharged by the examining magistrate, or that the indictment was ignored by the grand jury, is evidence to show the want of probable cause.

*Appeal from St. Louis Circuit Court.*

*Davis, Evans,* and *W. H. Lackland,* for appellant.

There was evidence before the court and jury of want of probable cause for the prosecution, and it was the duty of the court to submit the case to the jury. Probable cause is in most cases of malicious prosecution a mixed question of law and fact, and is defined to be "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged"—Richey v. McBain, 17 Sel. 65 ; Munns v. Dupont et al., 3 Wash. C. C. 31 ; Foshay v. Ferguson, 5 Hill, 154; Ash v. Marlow, 20 Ohio, 119 ; Jacks v. Stimpson, 13 Ills. 761 ; Burnap v. Marsh, 13 Ills. 539.

And in Turner v. Ambler, 11 Jur. 347, Ld. Denman, C. J., said, "The prevailing law of reasonable and probable cause is that the jury are to ascertain certain facts, and the judge is to direct whether these facts amount to such cause. But, among the facts to be ascertained, is the knowledge of the defendant of the existence of those which tend to show reasonable and probable cause, because without knowing them he could not act upon them ; and also the defendant's belief that the facts amounted to the offence which he charged, because otherwise he will have made them the pretext for prosecution without entertaining the opinion that he had a right to prosecute. In other words, the reasonable and probable cause must appear not only be to deducible in point of law from the facts, but to have existed in the defendant's mind at the time of his proceeding ; and perhaps whether it did so or not is rather an independent question for the jury, to be decided on their view of all the particulars of the defendant's conduct, than for the judge, to whom the legal effect of the facts only is more properly referred."

*Glover & Shepley,* for respondent.

The burden of proof is on a plaintiff who seeks recovery in an action for malicious prosecution, to show affirmatively

the want of any probable cause for the prosecution and malice. Malice may be inferred from the proof of want of probable cause, but want of probable cause cannot be inferred; of this there must be positive, express proof (24 Pick. 83) that there was no ground for commencing the prosecution.

The case in 1 Camp. 199, shows that plaintiff is to show that probable cause did not exist, *prima facie*, that prosecutions are deemed just; the abandonment of the prosecution is not proof of want of probable cause, nor proof of malice, to show which the burden is on the plaintiff—1 Wend. 140–2. Not malice and chicanery will support the action, nor commencing and abandoning the prosecution, however annoyingly, will maintain the action. If defendant thought he could not maintain the prosecution and dismissed, still when the party prosecuted sued for a prosecution without probable cause he must show there was no probable cause, and not that the defendant thought or believed there was none—6 Wend. 418; 1 Stark. 48; 2 Dana, 425; 5 Duer, 304–9.

Whenever the prosecutor believes the prosecution just, and moves it on good motives, there is *want of malice;* but this part of the subject is to be kept distinct in the mind from that of probable cause, which does refer itself to the opinions or feelings or motives of the prosecutor. "The mere belief of the prosecutor is no defence; he must have had probable cause for his belief"; that is, facts that the court and jury believe—13 Ills. 704; 2 Denio, 619. Had there been any evidence of the want of probable cause, it should have gone to the jury; but there was none whatever. The instruction, therefore, was properly given or moved by defendant's counsel.

FAGG, Judge, delivered the opinion of the court.

This was an action for malicious prosecution instituted by Casperson against Sproule in the St. Louis Circuit Court. The substance of the petition was that the defendant had falsely, maliciously, and without any reasonable and proba-

ble cause, charged plaintiff with the crime of embezzlement, and caused him to be arrested and taken before the recorder of St. Louis ; that the said recorder, swerved and influenced by the false and malicious testimony of defendant, required plaintiff to enter into a recognizance for his appearance at the next term thereafter of the Criminal Court of St. Louis to answer said charge, and that defendant then and there appeared before the grand jury of said county and falsely and maliciously, &c., endeavored to induce the grand jurors to find a bill against plaintiff upon the same charge ; that the bill was ignored and the prosecution thereby fully determined and ended, whereupon judgment was asked for the amount of damages claimed. The answer contained a specific denial of all the facts alleged in the petition, and upon the issues thus presented the parties went to trial.

At the conclusion of the testimony introduced on the part of the plaintiff, the following instruction was asked on the part of the defendant, which was given by the court, viz. :— " The defendant moves the court to instruct the jury, that, on the evidence, the plaintiff cannot recover."

The verdict of the jury was in conformity to the instruction of the court, and, after taking the proper steps for that purpose, the case is brought here by appeal.

Some objection is made to the ruling of the Circuit Court in relation to the admission and exclusion of testimony offered by plaintiff, but the main question for consideration here is as to the propriety of the instruction given. The proper determination of this question necessarily requires a careful examination of the testimony preserved in the bill of exceptions.

To support this action, two things must appear affirmatively : 1st, malice upon the part of the prosecutor ; and 2d, *the want of probable cause for the prosecution.*

Malice is a condition of the mind, which may be shown by direct proof of its existence like any other fact in the case, or it may be legally inferred from other facts proved. And it was held in this court both in the case of Hickman v. Grif-

fin, 6 Mo., and Williams v. Van Meter, 8 Mo., that "malice may be inferred from the *want of probable cause.*" But whilst this is true, no inference of the existence of the latter fact can be drawn from the proof of malice, and it must therefore be proved affirmatively.

*Malice* and *want of probable cause* are not interchangeable terms, but separate and distinct ingredients necessary to support the action; and there must be affirmative proof tending to show the want of probable cause before the defendant can be called upon for his defence. Upon the application of these principles to the case at bar, the question arises, was there sufficient testimony to require the opinion of the jury in order to a correct determination of the case? We think there was. Without going into the consideration of all the evidence, it will be sufficient to notice that portion which refers to the efforts of Sproule to have an indictment preferred against Casperson by the grand jury and the ignoring of the bill. The fact is shown that Casperson was recognized to appear before the Criminal Court of St. Louis to answer to the charge preferred against him by Sproule. The testimony of Mr. Vastine, the assistant circuit attorney at that time for the county of St. Louis, shows that at the proper term Sproule appeared voluntarily before the grand jury and tried "to have Mr. Casperson indicted for embezzlement"; "that the grand jury refused to indict Mr. Casperson for embezzlement or any other crime, and ignored and threw out the bill, and that no other or further steps were taken to indict Casperson," &c. In the case of Brant v. Higgins, 10 Mo. 728, Judge Napton, in delivering the opinion of the court, said, "the verdict of a jury upon the trial of a civil action is essentially different from the discharge of a supposed criminal by the examining magistrate, or upon a bill of indictment ignored by a grand jury. Even in a criminal proceeding, the final acquittal of the accused can have but little weight as evidence of *probable cause* compared with an acquittal or discharge before the magistrate or grand jury. The magistrate and grand jury have the very question of *probable cause* to try; and the evidence on the side of the

prosecution is alone examined, and the proceeding is entirely *ex parte*. Under such circumstances, the refusal of the examining tribunal to hold the accused over till trial *must necessarily be very persuasive evidence that the prosecution is groundless.*" Adopting the reasoning of this opinion as applicable to the question here—for the very point was as to the tendency of such evidence to prove want of probable cause—the correctness of such an instruction may very well be questioned.

The estimate put upon that character of evidence is not too high, and in this case it was sufficient, we think, to require the defendant to produce his defence.

The other judges concurring, the judgment of the Circuit Court will be reversed and the cause remanded for further trial.