PINK NOLEN, Respondent, v. ARTHUR KAUFMAN, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Malicious Prosecution**: GIST OF ACTION: PROBABLE CAUSE: EVIDENCE. In an action for malicious prosecution the question is, were the circumstances such as to induce the defendant as a reasonably prudent and careful man to believe that the plaintiff had committed the alleged offense. The evidence in this case is reviewed and *held* to show probable cause for instituting the prosecution.

2. ———: PROBABLE CAUSE: DISCHARGE BY THE COMMITTING MAGISTRATE. In actions for malicious prosecutions the fact that the plaintiff has been discharged by the examining magistrate makes a *prima facie* case in his behalf, unless it be met by matter of excuse by the defendant, as it may.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Hoss & Scott* for appellant.

(1) Appellant contends that there is no such evidence in the trial of this cause as shows either malice or want of probable cause on the part of appellant. The amount of the verdict is altogether inconsistent with the idea that they believed Kaufman acted maliciously. The appellant is a young farmer with little educational advantages, as is shown by his testimony. He knew enough to know it was his duty to rely upon the advice of the officers of the law. This he did, and this was all he did, and for it he should not be made the victim of a wandering fugitive from justice, as the respondent admits himself to be, who doubtless was glad of the opportunity to get in jail for a while in order to make something out of the prosecutor in a manner much more suited to his wishes than to labor for it like the one whom he is suing.

*W. M. Bowker* for respondent.

(1) A plaintiff in an action for malicious prosecution can not be nonsuited where the testimony shows that defendant caused his arrest, and that he was discharged by the committing magistrate. *Brant v. Higgins,* 10 Mo. 728; *Casperson v. Sproule,* 39 Mo. 39; *Thomas v. Smith,* 51 Mo. App. 605. (2) Plaintiff does not have to prove express malice. It may be inferred by the jury from want of probable cause. *Holiday v. Sterling,* 62 Mo. 321; *Sappington v. Watson,* 50 Mo. 83.

ELLISON, J.—This action is for malicious prosecution in causing plaintiff's arrest and imprisonment on a charge of stealing a saddle, in which plaintiff sued defendant for $4,000 damages, and recovered at the trial a judgment for $40.

Nolen v. Kaufman.

The facts of the case are substantially as follows: Defendant had a valuable saddle stolen from his premises. The saddle was missed the evening of the morning on which plaintiff and his son left the neighborhood in a wagon bound for the Indian Territory. Defendant communicated his loss to the constable of the township, who informed him of the way in which plaintiff left and intimated to defendant his suspicion that plaintiff had taken his saddle. Defendant having learned the point in the Territory plaintiff and his son were intending to stop, wrote the following letter to an officer there, which was received by the officer before plaintiff arrived in his wagon:

STATEMENT.

"RICHARDS, Mo., July 24, 1895.

"*To the Marshal of Chelsea:*

"DEAR SIR:—There was an extra Texas saddle tree, red leather saddle with trimmings of black bull raised on fender, saddle worth about $30 or $35 stolen from near Richards, Mo., July 22; there was two men left the county same time they drove a black with white face one gray, had bowes on wagon also gasoline stove in wagon with a red tin can and pipe and stove, 2 trunks; description of men one 45 years, black eyes, black mustach, about 6 ft., and sullen complexion; one man 18 or 20, black eyes, red hair, rather slender, left eye being blacked from baseball, will stop in or near Chelsea, I. T. for a few days with a family by the name of James Truell. Search for saddle if you find such saddle wire to Arthur Kaufman, Richards, Mo., at once.

"There is a reward offered for saddle also thief.

"Very respectfully,

"ARTHUR KAUFMAN."

He received the following telegram from the marshal in response to the letter:

"CHELSEA, I. T., 7/27, 1895.
"*To Arthur Kaufman, Richards, Mo.;*

"I have your men caught. They confess, but have not the saddle. Advise what you want done with them.        '        BOOT MILLER, City Marshal."

When he received this telegram he took it to the city of Nevada and laid it and other circumstances in his knowledge before the prosecuting attorney. That officer advised him to begin the prosecution. He hesitated about making the affidavit, but the attorney told him it was the only thing to be done if a prosecution was to be instituted. They then went before a magistrate who after hearing the statement and reading the telegram from the officer advised defendant to begin the prosecution. A warrant was issued by the magistrate and plaintiff was arrested and brought back to Nevada. He was kept in jail there for something more than a week, when he was discharged, without having had an examination, at the suggestion of the prosecuting attorney. The delay in the examination was caused by high waters preventing the constable from serving subpoenas. The dismissal of the case was the result of the prosecuting attorney learning that no substantial testimony could be produced to convict plaintiff on the charge.

There is no pretense of any express malice on the part of defendant in instituting the prosecution. On the other hand there is no pretense on MALICIOUS prose-cution: gist of action: probable cause: evidence. defendant's part that the record here shows plaintiff to be guilty of stealing the saddle. No evidence of the confession stated in the telegram from the officer in the Indian Territory was introduced. But the evidence in our opinion failed to make a case for plaintiff. The evidence of probable cause, as it is known to the law, is so overwhelming in defendant's behalf as to call for

our interference with the judgment.   Plaintiff was an itinerant.   He had lived in Kentucky where he was in the grocery and saloon business.   He left there while a charge of shooting at a railroad conductor was pending in court against him, and forfeited his bail bond, though he states it was known where he was; and that he had written to his bondsmen to take charge of some property he had there.   He has since been traveling about, being at several places, in different parts of the country and not long at a place.   Now, while it can not be said in behalf of defendant that plaintiff took his saddle and we must assume that he did not—that he was wrongfully charged with so doing, yet that is not the question.   The question in a case of this kind is, were the circumstances such as to induce defendant as a reasonably prudent and careful man to believe that he had.   They undoubtedly were.   Defendant's saddle had been stolen.   He communicated the fact to the township constable.   That officer gave him his first intimation that plaintiff was perhaps the guilty party. He wrote letters along the route plaintiff was said to have taken.   The one directed to plaintiff's destination resulted in the telegram to defendant.   Certainly no one can say that the letter was not the natural act of a reasonable man.   It was no more than any prudent person would have done under the same circumstances. It could not be interpreted as directing an arrest except upon finding the saddle.   When he received the answer from an officer stating that the parties had confessed, he yet did not act, but laid the whole matter before the proper officers of the county, still cautious and hesitating, but receiving their advice (and proper advice, too, with the knowledge before them) that the circumstances justified a prosecution, he made the affidavit to the charge, of which complaint is made.   What man,

in the same situation, who desired the vindication of the law, would have done less?

But it is contended that the fact that plaintiff was discharged by the committing magistrate made a case in his behalf to submit to the jury. It is true that in actions for malicious prosecution the fact that the party prosecuted has been discharged by the examining magistrate or the grand jury is *prima facie* evidence in his behalf sufficient to make his case unless it be met by matter of excuse from the prosecutor. The effect to be given to such evidence results largely from the fact that those tribunals only adjudicate the question of probable cause to believe the accused to be guilty. *Brant v. Higgins*, 10 Mo. 728; *Casperson v. Sproul*, 39 Mo. 39. And when they find there was none, the finding, properly enough, has its weight. But it does not follow that such evidence can not be so completely overcome as to permit of no other result than a finding for the party instituting the prosecution. Of what real effect should a discharge without examination into the facts, as in this case, have with one undertaking to determine whether the prosecutor, as a reasonable man, had probable cause to start the prosecution?

In view of the entire evidence we regard the verdict of the jury as without substantial support. The amount of the verdict is a half confession of this. If defendant is guilty of a malicious prosecution without probable cause he should have been held to compensate him for the wrong so committed. The verdict of $40 was no compensation to be rendered by a man to one whom he had accused of felony without reasonable cause or provocation. The judgment will be reversed. All concur.