GEORGE ECKERLE, Respondent, v. ERNEST C. HIGGINS, Appellant.

Springfield Court of Appeals, November 6, 1911.

1. MALICIOUS PROSECUTION: Pleading: Burden of Proof. In an action for malicious prosecution it is essential that the plaintiff allege and prove that he had been prosecuted by the defendant, that the prosecution terminated in his favor and that it was malicious and without probable cause.

2. ———: Want of Probable Cause: Prima Facie Case. In an action for damages for malicious prosecution, the question of when the plaintiff makes a prima facie case of want of probable cause is governed by the following rules deduced from the authorities in this state: (1) If there was a trial on the merits in the criminal case the introduction of the record showing the acquittal is insufficient to make a prima facie case. (2) If on a preliminary examination before a magistrate, the defendant was discharged, then the introduction of that record makes a prima facie case. (3) If, without any hearing before a justice the prosecuting attorney voluntarily dismisses the criminal prosecution, the record of such dismissal is not sufficient to make a prima facie case.

3. ———: ———: ———: Malice: Sufficiency of Evidence. Defendant, a deputy game commissioner, upon what appeared to be reliable information, had the prosecuting attorney file an information against the plaintiff, charging him with violating the game law by killing a turkey out of season. Later, the main witness for the prosecution, on being interviewed by the prosecuting attorney, admitted that he was mistaken and would not testify to what he had told the defendant. The prosecuting attorney concluded he could not procure a convic-

159 App.—12

Eckerle v. Higgins.

tion and dismissed the case before the justice. The defendant in the criminal case brings this action against the game warden for malicious prosecution. *Held*, that the record of the dismissal of the criminal charge before the justice of the peace was not sufficient to make a prima facie case of want of probable cause, and that the other evidence in the case did not show either malice or a want of probable cause, and the trial court erred in not sustaining defendant's demurrer to the evidence.

4. ———: ———: Question of Law When. In an action for malicious prosecution where the facts are undisputed, the question of whether or not there was a want of probable cause is a pure question of law.

5. ———: Nominal Damages. In an action for damages for malicious prosecution the fact that the jury finds only nominal damages against the defendant, shows that plaintiff's case is without substantial merit.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED.

*Lorts & Breuer* and *J. M. Stephens* for appellant.

(1) To maintain an action for malicious prosecution the plaintiff must show among other things, the following: 1st, the institution of the proceedings; 2d, without probable cause; and 3d, with malice. In this case the plaintiff failed to show the instituting of the criminal proceedings by defendant. The mere making of a complaint before the justice is not such an instituting of the proceedings as will support the act of malicious prosecution. 19 Am. and Eng. Ency. of Law (2 Ed.), 653; 1 Cooley (3 Ed.), 342; Cooper v. Armour, 42 Fed. 215. (2) The evidence in this case does not show that the defendant instituted the criminal proceeding "without probable cause." Mere proof that defendant filed with the justice a complaint, and the judgment of dismissal or abandonment of the prosecution, is not sufficient proof to establish the "want of probable cause," and especially is this true

where plaintiff's own evidence shows that the justice refused to act on the complaint, but referred the matter to the prosecuting attorney, who directed the justice to arrest the plaintiff, and filed his information against him under his oath of office, and upon his own information and belief.    Williams v. Vanmeter, 8 Mo. 342; Boeger v. Langenberg, 97 Mo. 390; Lancaster v. Langton, 36 S. W. 521; Christian v. Hanna, 58 Mo. App. 37.    (3)    There was no malice on the part of defendant shown in evidence, neither were any facts proven from which the jury could infer malice.    The mere discontinuance of a criminal prosecution will establish, for the purpose of this suit, neither malice nor want of probable cause.    Jordon v. Railroad, 105 Mo. App. 446; 1 Cooley (3 Ed.), 337.    (5)    The filing of an information by a prosecuting attorney on his own information and belief, and under his own oath of office, is prima facie evidence of probable cause on the part of defendant in making the affidavit complained of, and this established presumption was not overcome by any evidence introduced in this case. Pinson v. Campbell, 124 Mo. App. 269.    (5)    The evidence in this case shows that the appellant had probable cause for believing the truth of the complaint made by him against respondent, and the court should have so declared as a matter of law, and sustained appellant's demurrer to the evidence.    Warren v. Flood, 72 Mo. App. 199; Nolen v. Kauffman, 70 Mo. App. 651; Christian v. Hanna, 58 Mo. App. 37. (6)    Probable cause is a mixed question of law and fact. Where the facts are undisputed it is the duty of the court to declare their legal effect.    Sharp v. Johnson, 59 Mo. 576; Thomas v. Smith, 51 Mo. App. 613; Carp v. Ins. Co., 203 Mo. 351; 1 Cooley on Torts (3 Ed.), 321.    (7)    The burden is on plaintiff to clearly show by a preponderance of the evidence that the prosecution was instituted without probable cause.    It will not be inferred from the mere fact of prosecution.

There was no such showing in this case, for which reason this cause should be reversed. Christian v. Hanna, 58 Mo. App. 37; Warren v. Flood, 72 Mo. App. 199; Nolen v. Kauffman, 70 Mo. App. 651; Sharp v. Johnson, 59 Mo. 557; 8 Ency. of Ev. 412.

*Bland, Crites & Murphy* for respondent.

(1) Appellant acted without probable cause in instituting this prosecution without learning all of the facts that he might have learned by the use of reasonable diligence. Stubbs v. Mulholland, 168 Mo. 76; Hill v. Palm, 38 Mo. 13; Finley v. Refrig. Co., 99 Mo. 560; Christian v. Hanna, 58 Mo. App. 46; Sharpe v. Johnson, 59 Mo. 577. (2) Appellant acted without probable cause when he failed to disclose to the prosecuting attorney all the facts known to him bearing on the question of the guilt or innocence of the respondent. Pinson v. Campbell, 124 Mo. App. 268; Pipkin v. Haucke, 15 Mo. App. 373; Hill v. Palm, 38 Mo. 13. (3) Where there is a sharp and well defined issue as to whether all of the facts have been communicated to the prosecuting attorney it is a question for the jury. Sparling v. Conway, 75 Mo. 510; Moodey v. Deutsch, 85 Mo. 237; Casperson v. Sproule, 39 Mo. 39. (4) Where the appellant acted without probable cause, malice may be inferred. It is not an inference of law, but an inference of fact. It is a circumstance reasonably deducible from want of probable cause. Hickman v. Griffin, 6 Mo. 37; Williams v. Vanmeter, 8 Mo. 339; Callahan v. Caffarata, 39 Mo. 136; Kennedy v. Holliday, 25 Mo. App. 512; Butcher v. Hoffman, 99 Mo. App. 239.

GRAY, J.—Action for malicious prosecution. In September, 1910, the appellant was deputy game commissioner, and resided at Salem. On Sunday, the 25th day of September, 1910, the plaintiff resided

at Rolla, and the evidence tended to show that he, in company with two other citizens, was out hunting that day; that they killed several squirrels, and came back to Rolla about dark, and plaintiff carried a hunting coat rolled up under his arm. It was generally talked through the town that the plaintiff had killed a wild turkey that day. On Tuesday, the 27th day of September, Prof. Scott, a teacher in the Rolla School of Mines, who had learned that it was charged some one had killed a turkey, wrote to the defendant, stating: "Come over at your earliest possible convenience. I think you can do some business here now." In response to the letter, the appellant came to Rolla the following Thursday, and on his arrival, he, with the city marshal, walked into one of the saloons where they heard talk about the plaintiff having killed a wild turkey. The appellant called on Prof. Scott and asked him for the information he had as to the violation of the game law. The professor directed him to a boy and told him the boy could give him the information. In company with the city marshal, the game warden sought an interview with the boy. In looking up the testimony they interviewed an aged lady who was keeping house for the father of the boy. The lady told them that she did not want to get mixed up in the affair, and for them to go and see the boy who was at school, and he would tell them. They went to the schoolhouse, called out the boy, and he informed them that he had seen the plaintiff coming into town Sunday evening, carrying a sack with a wild turkey in it, and that he also heard the plaintiff say at that time: "Now say I am afraid to kill one out of season." The appellant afterwards met a colored man by the name of Allison, who also told him that he had seen the plaintiff with the wild turkey in a sack.

After obtaining this information, the appellant appeared before a justice of the peace and asked to have

the plaintiff arrested for killing the turkey during the "closed season." The justice refused to issue a warrant until the defendant saw the prosecuting attorney. Thereupon, the defendant called on the prosecuting attorney, and after consulting him, an affidavit was made, the prosecuting attorney telling the defendant that he believed he could make a case. When this affidavit was brought to the prosecuting attorney, he saw it was insufficient, and then prepared an information, verified with his own oath, charging the plaintiff herein with killing a wild turkey in violation of law. After the information was filed, the plaintiff was arrested and taken before the justice. The case was set for trial in the afternoon of the same day, and while the appellant herein and the prosecuting attorney were together, they saw the boy who had given the appellant and the marshal the information in the morning. The prosecuting attorney then interviewed the boy, and the boy told him that he had told the game warden in the morning that he had seen the plaintiff with a wild turkey, but that he was mistaken and would not testify to what he had told the appellant. The appellant then informed the prosecuting attorney that the old lady he had interviewed in the morning did not want to testify, and he had promised her that he would not call her as a witness, and thereupon the prosecuting attorney dismissed the case.

In addition to the above, a Mrs. Strain testified at the trial that she thought she heard the plaintiff say: "Say I am not game to kill them out of season," and that she told her husband what she had heard.

The petition asked for a judgment of one thousand dollars actual damages, and one thousand dollars punitive damages. The cause was tried before a jury, resulting in a verdict in favor of the plaintiff for the sum of one dollar actual damages, and from the judgment rendered thereon the defendant appealed to this court.

Eckerle v. Higgins.

At the close of the plaintiff's case, the defendant asked a demurrer to the evidence, but the same was overruled, and such action of the court is assigned as error.

As it is essential that the plaintiff's complaint affirmatively allege all the facts necessary to support his action, it follows that he must assume the burden of proof in respect to each of these necessary allegations, and by his evidence, establish to the satisfaction of the court and jury, that he has been prosecuted by the defendant; that the prosecution terminated in his favor, and that it was malicious and without probable cause.

There is no conflict in the authorities on this proposition.     There is, however, much conflict as to what makes a prima facie case of want of probable cause. It is frequently said that the record, showing the discharge of the defendant in the prosecution, makes a prima facie case of the want of probable cause, and with the introduction of this record the plaintiff has made a case for the jury, and the defendant is called upon to offer affirmative testimony of probable cause.

On the other hand, there are many cases holding that the plaintiff must offer additional testimony and cannot rest on the introduction of the record.     The authorities on either side of the proposition are collected in the notes of Bekkeland v. Lyons, 64 L. R. A., 481; Ross v. Hixon, 26 Am. St. Rep. 154; Davis v. McMillan, 3 L. R. A., N. S. 928.

In this case we are cited by counsel for appellant to a list of cases in this state holding that the introduction of the record does not make a prima facie case, and by the respondent a list of cases holding that a prima facie case is thus made.     Unless the decisions are carefully examined, one will be inclined to believe that they are in conflict.     But when the cases have been carefully examined, it will be learned that there is not much conflict.     To the failure to give proper consideration to

the circumstances under which the criminal prosecution terminated, is due the apparent conflict. The courts of this state have held, almost without exception, that if there was a trial before the court or jury on the merits in the criminal case resulting in an acquittal, that the record in such case is not sufficient to make a case of want of probable cause. On the other hand, if on examination in a felony case before the justice, the defendant was discharged, the record of such discharge has been held in many cases, to be sufficient. The reason for the distinction was pointed out by Judge NAPTON, in Brant v. Higgins, 10 Mo. 728, wherein he said: "The verdict of a jury upon the trial of a civil action is essentially different from the discharge of a supposed criminal by the examining magistrate. Even in a criminal proceeding, the final acquittal of the accused can have but little weight as evidence of probable cause compared with an acquittal or discharge before the magistrate or grand jury. The magistrate and grand jury have the very question of probable cause to try; and the evidence on the side of the prosecution is alone examined, and the proceeding is entirely *ex parte.* Under such circumstances, the refusal of the examining tribunal to hold the accused over till trial must necessarily be very persuasive evidence that the prosecution is groundless." But this would not be the case with the verdict of acquittal, after a full investigation of the case and an examination of the testimony on both sides. The production, therefore, of a verdict of acquittal is not *per se* sufficient to originate the inference of want of probable cause.

In Williams v. Vanmeter, 8 Mo. 339, the court said: "It cannot be maintained that, in an action for a malicious prosecution, proof that the defendant instigated it, and a production of the record of acquittal, will entitle the plaintiff to a verdict. We are not aware that the bare production of the judgment of acquittal has ever been held sufficient for that purpose." In

that case the criminal prosecution was for a misdemeanor, and the defendant was acquitted on trial.

In Casperson v. Sproule, 39 Mo. 39, the defendant therein had appeared before a grand jury and tried to procure an indictment against the plaintiff. The grand jury refused to indict. The defendant then sued for malicious prosecution, and the court held that the failure of the grand jury to indict was like the magistrate discharging on a preliminary examination, and was sufficient evidence to take the case to the jury on the question of probable cause.

In Boeger v. Langenberg, 97 Mo. 390, 11 S. W. 223, it is said: "It is claimed that the acquittal tends to establish want of probable cause in moving that prosecution. This contention is so clearly contrary to the precedents that we dispose of it by merely referring to them."

In Thomas v. Smith, 51 Mo. App. 605, the court said: "It is true that the plaintiff, having been discharged upon preliminary examination by the committing magistrate, could not be non-suited." In that case there had been a preliminary examination.

In Stubbs v. Mulholland, 168 Mo. l. c. 77, 67 S. W. 650, SHERWOOD, Judge, used the following language: "That probable cause was wholly lacking in this case is shown prima facie by the discharge of the accused. This alone would call on defendants for their defense." That, also, referred to a case wherein there had been a preliminary examination before a justice, and the defendant therein discharged on the ground that the prosecution was without probable cause.

In Smith v. Burrus, 106 Mo. l. c. 99, 16 S. W. 881, it is said: "The mere discontinuance of a criminal prosecution, or the acquittal of the accused, will establish for the purposes of this suit neither malice nor want of probable cause."

From these cases, the following rules are established in this state:

First, if there was a trial on the merits in the criminal case, then the introduction of the record showing the accquittal is insufficient to make a prima facie case.

Second, if on a preliminary examination before a magistrate, the defendant was discharged, then the introduction of that record makes a prima facie case of the want of probable cause.

Third, if, without any hearing before the justice, the prosecuting attorney voluntarily dismissed the criminal prosecution, then the record of such dismissal is not sufficient to make the prima facie case.

The Supreme Court in Smith v. Burrus, supra, is authority for the third branch of the rule, and is supported by the great weight of authority.

In Davis v. McMillan, 105 N. W. 862, the Supreme Court of Michigan said: "We think it can safely be said that the weight of authority denies the rule that discharge by a magistrate upon request of the prosecuting attorney is prima facie evidence of want of probable cause."

In 19 Am. and Eng. Ency. of Law, 664, it is said: "The weight of authority is believed to favor the rule that the discharge of the plaintiff in malicious prosecution by the examining magistrate is prima facie evidence of want of probable cause, but it has been held that lack of probable cause is not shown by the abandonment of the prosecution by the prosecutor, by the dismissal of the charge by the prosecutor, by the voluntary discontinuance of the prosecution, or by dismissal for want of prosecution."

A discharge not brought about by the procurement of the defendant, nor attended by circumstances involving the conduct of the defendant which of themselves indicate a want of probable cause, is no evidence of a want of probable cause. To the same effect is Langford v. Boston & A. R. Co., 144 Mass.

431, 11 N. E. 697; Joiner v. Ocean S. S. Co., 86 Ga. 238, 12 S. E. 361; Smith v. Clark, 106 Pac. 653.

Smith v. Clark, supra, was decided by the new state of Utah, January 7, 1910, and the Supreme Court of that state, after reviewing the authorities, followed the rule of our court in Smith v. Burrus, and said: "The rule is extended far enough when it makes the discharge or dismissal, resulting from a hearing or an examination of the offense charged, evidence of the want of probable cause in the civil action against the prosecutor for malicious prosecution. But since the burden resting upon the plaintiff in the action for malicious prosecution to prove a want of probable cause for the prosecution involves the proof of a negative, there is ground for holding that the discharge or dismissal resulting from a want of evidence, is prima facie evidence of a want of probable cause. In such case the magistrate determined that there was no probable cause for believing the accused guilty. But we see no good reason for holding that a mere discharge or dismissal, standing alone, and resulting not from any examination or hearing of the charged offense, is evidence of the want of probable cause, for the magistrate in such case did not investigate nor determine whether there was or was not probable cause for believing that an offense had been committed. A finding of a want of probable cause is not necessarily inherent nor involved in such a discharge or dismissal. The discharge here was made without a hearing, and without any judicial investigation. We are therefore of the opinion that the mere dismissal of the criminal action and the discharge of the plaintiff was no evidence in the civil action to show a want of probable cause for the prosecution."

When the defendant offered his demurrer, the plaintiff had introduced testimony tending to prove that he was not guilty of the offense charged in the information; that the appellant herein had made an

affidavit before the justice charging him with the offense, and afterwards, the prosecuting attorney filed an information on which the appellant endorsed his name as prosecutor; that without any hearing, the prosecuting attorney dismissed the case. Guided by the rule declared in Smith v. Burrus, and supported by the authorities above cited, we hold that the plaintiff failed to make a prima facie case, and the court should have sustained appellant's demurrer to the evidence.

The defendant did not stand on his demurrer, but offered testimony, which, in our judgment, did not strengthen plaintiff's case. The undisputed facts show that the plaintiff herein, on Sunday, the 25th day of September, 1910, was hunting in violation of the laws of this state, as section 4801, Revised Statutes 1909, makes it a misdemeanor to hunt on Sunday, and fixes the punishment at a fine not exceeding fifty dollars; that the report was current in the town where he lived, that he had also on that day killed a turkey in violation of the law; that as a result of this report, Prof. Scott, a citizen of the town, wrote to the appellant requesting him to come to Rolla for the purpose of investigating the matter; but when the appellant arrived at Rolla, he was told by Mrs. Robertson that others knew all about the matter, but she did not want to get mixed up in it, and referred him to the others for the testimony; that when he saw the persons to whom he was referred, they told him that they had seen the respondent, on Sunday evening, with a wild turkey, and that he had said he was not afraid to kill one out of season; that he thereupon went before a justice for the purpose of having the respondent arrested on the charge, and was referred to the prosecuting attorney; that he interviewed the prosecuting attorney, and the interview resulted in the prosecuting attorney filing an information; but before this case was called for trial, the prosecuting attorney interviewed one of the boys

who had furnished the testimony, and was told by him that he had told the game warden he had seen the respondent herein with a wild turkey, but that he was mistaken about it, or words to that effect. Whereupon the prosecuting attorney dismissed the case.

There is not a word of testimony tending to prove any dislike or ill-feeling on the part of the appellant toward the respondent, and he did not even ask that he be prosecuted for hunting on Sunday, and the maximum punishment for which is the same as for killing a turkey during the closed season. The jury assessed no punitive damages, and fixed the actual damages at the insignificant sum of one dollar, thereby showing that plaintiff's cause was without substantial merit.

In a similar case, Judge ELLISON, of the Kansas City Court of Appeals, said: "In view of the entire evidence we regard the verdict of the jury as without substantial support. The amount of the verdict is a half confession of this. If defendant is guilty of a malicious prosecution without probable cause he should have been held to compensate him for the wrong so committed. The verdict of forty dollars was no compensation to be rendered by a man to one whom he had accused of felony without reasonable cause or provocation." [Nolan v. Kaufman, 70 Mo. App. 651.]

The respondent contends that the appellant should have consulted the persons with whom he was hunting on Sunday before filing the affidavit before the justice. It cannot be said from the testimony that the appellant knew that others were with the respondent at the time it was claimed the turkey was killed. And even if he did, it would be questionable whether he was required to go to such parties, when it was also claimed that they were hunting with the respondent on Sunday in violation of law.

We dispose of the case with the following quotation from the Kansas City Court of Appeals, in Christian v. Hanna, 58 Mo. App. 37: "Where the

facts are undisputed the question of probable cause is a pure question of law. The facts and circumstances as shown by the evidence already stated, which led to the arrest and prosecution of the plaintiff, when tested by the rules of law to which we have adverted, did not in our opinion show a want of probable cause for the prosecution. The production of the verdict of acquittal did not establish, as we have shown by the authorities, the plaintiff's prima facie case. Nor was this supplemented by such facts and circumstances as showed the prosecution was commenced and carried on without probable cause." If the evidence failed to affirmatively show as we think was the case, want of probable cause, the plaintiff's action must fail. It follows from these considerations that the ground of objection to the verdict contained in defendant's motion for new trial, should have been sustained, and for its error in overruling the same, the judgment will be reversed.

All concur.