JAMES SIDELINGER *vs.* FRED W. TROWBRIDGE.

Lincoln.    Opinion August 23, 1915.

*Malicious Prosecution.    Nol Prossed.    Non-suit.    Probable Cause.    Wilful Trespass.*

1.   Conviction in the lower court is conclusive upon the question of probable cause, and it necessarily follows that the plaintiff cannot maintain an action for malicious prosecution.
2.   To support this action, there must be proof of turpitude on the part of the defendant.
3.   There must be both malice and the want of probable cause.    The arrest complained of must have been wholly groundless and that known to the defendant.

On exceptions by plaintiff.    Exceptions overruled.

This is an action on the case for malicious prosecution of the plaintiff by the defendant.    The plea was the general·issue, with brief statement alleging settlement.    At the April term, 1915, of the Supreme Judicial Court the case was heard, and at the conclusion of the plaintiff's testimony, the presiding Justice directed a non-suit; to which ruling, the plaintiff excepted.

The case is stated in the opinion.

*Rodney I. Thompson,* for plaintiff.

*E. B. Burpee,* for defendant.

SITTING:    SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

HANSON, J. This is an action for malicious prosecution, and is before the court on the plaintiff's exceptions to an order of non-suit. The action grew out of a controversy over real estate.

The plaintiff had been twice arrested, and says that for such damages as he may have sustained, settlement between the parties had been made, but he was again arrested for trespass, and this last arrest is the basis of the present suit.

The record shows that on September 25, 1912, the plaintiff was arrested on a warrant issued by the recorder of the Police Court of the City of Rockland; that on October 5th following he was adjudged guilty of wilfull trespass in said court, and thereupon appealed from said judgment to the Supreme Judicial Court for the County of Knox, then next to be holden at Rockland in said county on the first Tuesday of January, 1913. It further appears that at said term of the Supreme Judicial Court the case was nol prossed with the plaintiff's consent. Such being the undisputed fact, it is clear that the plaintiff cannot maintain this action, and the non-suit was therefore properly ordered. *Garing* v. *Fraser*, 76 Maine, 37; 26 Cyc., 60, and cases cited.

Conviction in the lower court is conclusive upon the question of probable cause, and it necessarily follows that the plaintiff cannot maintain an action for malicious prosecution. *Ulmer* v. *Leland*, 1 Greenl. 135, 138; *Payson* v. *Caswell*, 22 Maine, 212; *Severance* v. *Judkins*, 73 Maine, 376; 26 Cyc., 20.

The record fails to show the essential elements to sustain the action, and the doctrine announced in *McLellan* v. *Cumberland Bank*, 24 Maine 566, applies here,—that "to support this action there must be proof of turpitude on the part of the defendants. There must be both malice and the want of probable cause. The arrest complained of, must have been wholly groundless, and that known to the defendants."

There was no evidence in the case to justify its submission to a jury. *White* v. *Bradley*, 66 Maine, 254.

*Exceptions overruled.*