# EMIL HANSER, Appellant, v. JACOB BIEBER, PHILIP BIEBER and SOPHIE BIEBER.

### In Banc, June 30, 1917.

1. **DEMURRER TO EVIDENCE: Admission of Truth.** Demurrant by filing a demurrer to plaintiff's evidence admits the truth of said evidence and of all conclusions a jury may reasonably draw therefrom, and the court in passing upon the demurrer must draw every inference in plaintiff's favor that the evidence and law will warrant.

2. **FALSE IMPRISONMENT: Elements: Malice and Probable Cause.** False imprisonment consists of the direct restraint of personal liberty. To establish it, want of probable cause and malice need not be proved. Unlawful detention is the basis of the action. Nor is actual seizure or the laying on of hands necessary to constitute an unlawful detention. If the party is within the power of the person making the arrest and, subject to such power but not of his own will, goes with his captor, it is such an arrest as authorizes an action for false imprisonment.

3. ————: **Arrest Without a Warrant.** Ordinarily plaintiff makes out a prima-facie case of damages for false imprisonment when he introduces evidence tending to show that the unofficial defendants caused his arrest and detention without a warrant and that he was subsequently acquitted of the crime charged.

4. ————: ————: **Lawful Arrest: By Police Officer in St. Louis.** The statute (Sec. 9805, R. S. 1909) authorizing police officers of St. Louis to "prevent crimes and arrest offenders" does not in all cases make lawful the arrest by such officer, without a warrant. To make lawful an arrest for a misdemeanor not committed in his presence, the officer must have reasonable grounds to suspect that the offense has been committed. The existence of such reasonable grounds rests upon the facts in each particular case, and their force and sufficiency must be determined by the officer before he acts, and they must be sufficient to establish a substantial belief in his mind that an offense has been committed. If the facts afford no basis for such reasonable suspicion, and the officer by due diligence could have ascertained that the plaintiff, at the time the officer arrested him and defendants capriciously charged him with disturbing the peace, was in an orderly discharge of his duties, the trial court should submit the issue of false imprisonment to the jury.

*Held*, by BOND, J., dissenting, that if the arrest was lawful there can be no recovery of damages for false imprisonment, even

though made without a warrant; and an unlawful arrest may be justified by the ultimate conviction of the party of the crime for which he was taken into custody; and even though the conviction be reversed upon appeal, a police officer in St. Louis who has reasonable grounds to suspect that a misdemeanor has been committed may arrest the suspected party without a warrant; and evidence adduced by plaintiff tending to prove that an altercation between himself and defendants occurred, that a police officer was called in and a complaint made to him of a breach of the peace, and that upon an assurance by defendants that they would prosecute the charge the plaintiff was taken to the police station where a formal charge was made and a trial had, in which plaintiff was convicted, established a reasonable ground for a belief on the part of the officer that plaintiff had been guilty of a breach of the peace, and a demurrer to plaintiff's evidence was rightly ruled.

5. PLEADING: False Imprisonment and Malicious Prosecution. Causes of action sounding in false imprisonment and malicious prosecution growing out of the one arrest may be joined in the same petition in different counts, but recovery can be had on only one count.

6. MALICIOUS PROSECUTION: Probable Cause: Conviction in Police Court: Acquitted on Appeal. A conviction in a police court, followed by an acquittal upon an appeal and a trial de novo in the proper appellate court, does not establish the probable cause which is a necessary element of malicious prosecution. Nor is the showing of probable cause made conclusive by the defensive interposition of the judgment for former conviction.

   Held, by BOND, J., dissenting, that a conviction of the accused by a judicial tribunal, not procured by fraud or unfair means, is conclusive evidence of the existence of probable cause for his prosecution, and defeats any civil action therefor, notwithstanding such conviction may be reversed in a court of last resort.

7. ——: ——: ——: ——: Evidentiary. The judgment of conviction in the police court, which after a full and fair hearing on the merits in a trial de novo in the proper appellate court was destroyed by an acquittal, is not evidentiary of the existence of probable cause. It cannot be said that the judgment of conviction in the police court is in existence for the purpose of proving probable cause, and not in existence for any other purpose. When nullified for one purpose it was destroyed for every purpose. [Opinion of WALKER, J., and concurring opinion of GRAVES, C. J., in which WOODSON, J., concurs.]

8. ——: ——: ——: ——: Offered Subject to Rebuttal. The judgment of conviction may be offered as prima-facie evidence

of probable cause, but is subject to rebuttal by proof of reversal by a trial *de novo* on the merits in the proper appellate court, and by any other relevant evidence.

*Held*, by BOND, J., dissenting, that the judgment of conviction is conclusive of the existence of probable cause, and cannot be rebutted by a showing that the judgment was reversed in the proper appellate court.

9. ———: ———: Proof Rests Upon All Facts. The question of probable cause in an action for malicious prosecution, where disputed, is one of fact for the jury upon all the evidence in the case. [BOND, J., dissenting.]

10. ———: ———: Acquittal as Evidence. The acquittal of plaintiff in a court of competent jurisdiction constitutes persuasive evidence of a want of probable cause for his arrest. Acquittal will not alone establish want of probable cause; but supplemented by other facts and circumstances, it is evidence tending to establish the essential element of want of probable cause. [BOND, J., dissenting.]

11. ———: Essential Elements: Demurrer. Evidence that the criminal prosecution upon which the civil action for malicious prosecution is based, was instituted by defendants, that said prosecution terminated in plaintiff's favor, that there was want of probable cause on the part of defendants to believe defendants guilty of the offense charged and that there was malice on defendants' part in the institution of the prosecution, is sufficient to take the case to the jury, for it tends to establish every necessary element of said civil action. ⌊BOND, J., dissenting.]

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

REVERSED AND REMANDED.

*Sale & Sale* and *A. B. Frey* for appellant.

The court erred in giving the instruction in the nature of a demurrer to appellant's (plaintiff's) evidence on his first cause of action, to-wit, that in false imprisonment. (1) In passing on a peremptory instruction in the nature of a demurrer to plaintiff's evidence, the court must consider the evidence introduced by plaintiff as true, and make every finding and deduction in his favor which the jury would have been warranted in making. Meenach v. Crawford, 187 S. W. 882; Williams v. Railroad,

257 Mo. 112, 52 L. R. A. (N. S.) 443; Grouch v. Heffner, 184 Mo. App. 372. (2) False imprisonment is any direct unlawful restraint of a person's liberty. 11 R. C. L. sec. 2. (3) It takes less to make a case of false imprisonment than one of malicious prosecution. In false imprisonment it is not necessary to prove malice, or want of probable cause. The lack of malice, or the belief in the guilt of the accused, do not constitute a defense by a private citizen who causes the arrest of another citizen. Pandjiris v. Hartman, 196 Mo. 545; Monson v. Rouse, 86 Mo. App. 102; Thompson v. Bucholz, 81 S. W. 490; McCaskey v. Garrett. 91 Mo. App. 358. (4) The only justification that a citizen has who orders a police officer to make an arrest for an alleged violation of a city ordinance not committed in the presence and view of the police officer, is that the ordinance was actually violated. and the determination of that issue is a question for the jury. Pandjiris v. Hartman, 196 Mo. 539; Taafe v. Slevin, 11 Mo. App. 507; Thompson v. Bucholz, 81 S. W. 490; Ross v. Leggett, 61 Mich. 445; McGarrahan v. Lavers, 15 R. I. 302; Grimes v. Greenblatt, 47 Colo. 495; Grinnell v. Weston, 95 App. Div. (N. Y.) 454; Park v. Taylor, 55 C. C. A. 56; Palmer v. Railroad, 92 Me. 399; Wehmeyer v. Mulvihill, 150 Mo. App. 197. (5) The same state of facts may give rise to two causes of action, one for false imprisonment, and the other for malicious prosecution. 19 Cyc. 358; Boeger v. Langenberg, 97 Mo. 390; Guest v. Warren, 9 Ex. Rep. 378; Bradner v. Faulkner, 93 N. Y. 578; Krug v. Ward, 77 Ill. 603; Bauer v. Clay, 8 Kas. 580; Berger v. Saul, 113 Ga. 869; Long v. Judge, 27 Mich. 164; Scott v. Flowers, 60 Neb. 675; Railroad v. Rice, 36 Kan. 600; Stout v. Omaha Co., 97 Neb. 818. The respondents caused and ordered a police officer to arrest the appellant for an alleged violation of a city ordinance, to-wit, a disturbance of the peace, which alleged offense was not committed in the presence of the officer, and then the respondents some time later charged the appellant before the police representative, who issues information, with the same offense, and prosecuted him therefor. The appellant was adjudged "not guilty."

This gave rise to two possible causes of action, one for false imprisonment, the other in malicious prosecution. While there could be but one recovery on the same state of facts, the appellant had the unquestioned right to set up his cause of action in two different ways. To deny the appellant this right, and to hold that he could not recover as a matter of law on either cause of action was to deny him any redress for the wrongful interference with his personal liberty. It was likewise violative both of the common law and code procedure to hold inferentially as was done in this case that appellant's action, if any, was in malicious prosecution and then to hold he could not recover therein. Boeger v. Langenberg, 97 Mo. 390; Brinkman v. Hunter, 73 Mo. 172; Milton v. Dairy Co., 175 S. W. 108; Palmer v. Railroad, 92 Me. 399; McMorris v. Howell, 85 N. Y. S. 1021, 89 App. Div. (N. Y.) 272; Stout v. Omaha Co., 97 Neb. 817. While there is a distinction between the liability of a police officer who makes an arrest, and a private citizen, still the courts have held that even a police officer is liable for making an arrest for the alleged violation of a city ordinance not committed in his presence and view, unless the ordinance has actually been violated. *A fortiori*, a private citizen, who causes the arrest to be made, is liable. Stittgen v. Rundel, 90 Wis. 80; Quinn v. Heisel, 40 Mich. 576; Pesterfield v. Vickers, 3 Cald. (Tenn.) 205; Pinkerton v. Verberg, 78 Mich. 573; Newton v. Locklin, 77 Ill. 103; Parke v. Gilligan, 14 Misc. 123; Ross v. Leggett, 61 Mich. 445. (6) The defendants Philip and Sophie Bieber, having actually caused the arrest, are liable, because it was their own tort. McMorris v. Howell, 89 App. Div. (N. Y.) 272, 85 N. Y. S. 1018; Burk v. Howley, 179 Pa. 539; Boeger v. Langenberg, 97 Mo. 390; McGarrahan v. Lavers, 15 R. I. 302; Ross v. Leggett, 61 Mich. 445. The defendant Jacob Bieber is liable for the following reasons: (a) The defendants Philip and Sophie Bieber were his agents and servants in charge of the business, and were acting within the apparent scope of their authority; (b) Jacob Bieber was present before the arrest was consummated, learned of the facts, assented *sub silentio,* made

no protest against the arrest, and permitted his employees and co-defendants to depart with the police officer to renew the charge; and (c) it may be inferred that Jacob Bieber had planned some such action as this in order to strengthen the case that he proposed to bring against the Century Building Co., Knowles v. Bullene, 71 Mo. App. 341; Monson v. Rouse, 86 Mo. App. 97; Cooper v. Johnson, 81 Mo. 483; Grimes v. Greenblatt, 47 Colo. 499; Singleton v. Ball Co., 172 Mo. App. 229. (7) The court erred in sustaining the demurrer to appellant's evidence on the second cause of action—that in malicious prosecution. Appellant was convicted by a police magistrate of the charge of disturbing the peace of one of the defendants, and fined ten dollars, but on a trial de novo on appeal to the Criminal Court of Correction, a court of record, was adjudged not guilty. The correct rule is, and should be, that a conviction by a police magistrate or justice of the peace is not conclusive evidence of probable cause, but is evidence which should be submitted to the jury along with the other evidence in the case. To establish the rule that a conviction by a police magistrate is conclusive evidence of probable cause is to do a manifest injustice to various persons who are brought in without cause before these magistrates, are fined, and then are immediately acquitted in a trial de novo in the courts of criminal correction. Michelson v. Sternberg, 61 App. Div. (N. Y.) 54; Skeffington v. Eylward, 97 Minn. 246; Goodrich v. Warner, 21 Conn. 443; Nelson v. Harvester Co., 117 Minn. 301; Moffitt v. Fisher, 47 Iowa, 473.

*Schnurmacher & Rassieur* for respondents.

(1) If plaintiff is entitled to damages, upon the facts in this case, it must be either for false imprisonment or malicious prosecution—it cannot be both. Nor can there be any election of remedies. False imprisonment implies an unlawful arrest,—an arrest without lawful authority in the person making it, to make it. If the arrest was lawful, that is under lawful process, or as a step in the prose-

cution, then the action must be for malicious prosecution. 1 Cooley on Torts (3 Ed.), p. 315; Finley v. Refrigerator Co., 99 Mo. 559; Wehmeyer v. Mulvihill, 150 Mo. App. 197; Dunlevy v. Wolferman, 106 Mo. App. 50; Dougherty v. Snyder, 97 Mo. App. 495; Bierwith v. Pieronnet, 65 Mo. App. 431; 19 Cyc. 321, 322 (notes). Here the arrest was lawful. It was the first step in the prosecution. It was the same as if a warrant for the arrest had been previously issued. In the city of St. Louis, a police officer, under the statute, in making an arrest for a misdemeanor (whether under the law or the city ordinances) requires no warrant, if he has reasonable ground for believing that a misdemeanor has been committed. The fact that the prisoner is ultimately acquitted, does not convert the arrest into an unlawful one. State v. Hancock, 73 Mo. App. 19; State v. Boyd, 108 Mo. App. 518, 196 Mo. 52; Grayson v. Transit Co., 100 Mo. App. 73; Wehmeyer v. Mulvihill, 150 Mo. App. 197; State v. Grant, 76 Mo. 236. Nor can there be a splitting of the cause of action. If the arrest and prosecution were without probable cause and actuated by malice, there is nevertheless but one tort for which the defendants are liable—that is malicious prosecution. It cannot be said that the arrest by the officer furnishes one cause of action, and the prosecution of the charge another. Leonard v. Transit Company, 115 Mo. App. 349. The damages inflicted by the arrest are part of the damages recoverable for the malicious prosecution. The arrest is but the preliminary step in the prosecution. Ruth v. Transit Co., 98 Mo. App. 1; Leonard v. Transit Co., 115 Mo. App. 349. (2) In an action for malicious prosecution, it is incumbent upon plaintiff to show that there was an absence of probable cause for his arrest. A judgment of conviction (that is, upon a trial, as distinguished from a mere preliminary hearing before a committing magistrate), is conclusive as to the existence of probable cause, unless the conviction was procured through fraud on the court, or possibly through perjury, etc. To deprive the judgment of conviction of this conclusiveness, facts must be alleged and proved, which impugn the integrity of the judgment. This is true even though the judgment of con-

viction be afterward set aside on appeal. Here there were no such allegations or proofs. Boogher v. Hough, 99 Mo. 183; Live Stock Co. v. Butchers' Union Co., 120 U. S. 140; Saunders v. Baldwin, 112 Va. 431, 34 L. R. A. (N. S.) 958; Haddad v. Railroad, 88 S. E. 1038; Topolewski v. Packing Co., 143 Wis. 52; Smith v. Thomas, 149 N. C. 100; Price v. Stanley, 128 N. C. 38; Griffis v. Sellars, 2 Dev. & Batt. L., 492; Griffis v. Sellars, 4 Dev. & Batt. L., 176; Sidelinger v. Trowbridge, 113 Me. 537; Witham v. Gowen, 14 Me. 362; Payson v. Caswell, 22 Me. 212; Adams v. Bickwell, 126 Ind. 210; Blucher v. Zonker, 19 Ind. App. 615; Thick v. Washer, 137 Mich. 155; Whitney v. Peckham, 15 Mass. 243; Hartshorn v. Smith, 104 Ga. 235; Root v. Rose, 6 N. Dak. 575; McElroy v. Press Co., 254 Ill. 290; Fones v. Murdock, 157 Pac. 148; 1 Cooley on Torts (3 Ed.), p. 333; 26 Cyc. 39. The above rule applies not only to judgments of courts of record, or to verdicts of juries. but to all judgments of conviction, including judgments of justices of the peace and other inferior magistrates. See cases cited. And the evidence sufficient to overcome the effect of such judgment of conviction, ought to be of the same character as required in actions in equity to set aside judgments. Railroad v. Merrieless, 182 Mo. 126.

WALKER, J.—This suit was instituted in the circuit court of the city of St. Louis. The petition is in two counts, one alleging false imprisonment, the other malicious prosecution. The court sustained a demurrer to both counts at the close of plaintiff's testimony. From the court's refusal to set aside the nonsuit necessitated by its ruling on the demurrer, the plaintiff appeals.

Plaintiff, then an employee of a glass company, went on July 20, 1913, under the direction of his employer, to make certain measurements of windows in the Century Building in the city of St. Louis to enable his employer to bid upon some plate glass to be furnished in the reconstruction of the building. In the discharge of this duty he entered the rooms on the second floor of said building occupied for mercantile purposes by the defendant Jacob Bieber. On entering, plaintiff explained his errand to an

employee, who making no reply, plaintiff proceeded to the windows and commenced measuring them. While calling out the sizes to an assistant the defendant Philip Bieber, an employee, or having an interest in the store, entered and ordered them out. After an ineffectual effort to explain their business they started towards the door. When within a few feet of it Philip Bieber called out "Sophie," whereupon a Miss Bieber, one of the defendants and also an employee of Jacob Bieber, appeared and pushed or shoved the plaintiff as he was backing out of the door, and upon his attempting to explain their presence she said she was going to have them arrested. Soon thereafter, while plaintiff and his assistant were measuring windows elsewhere in the building, a police officer accompanied by Miss Bieber approached and she pointed them out saying, "Those are the men." The officer asked why she desired the arrest made and she said, "For disturbing our peace." The officer replied that the men were at work and they did not look like they were disturbing anyone's peace. Miss Bieber insisted on the arrest being made and plaintiff and his assistant were informed by the officer that they were under arrest. Jacob Bieber, the proprietor of the store, also a defendant, saw plaintiff and his assistant in custody of the officer as they were being taken out of the building and was informed of the facts by Sophie Bieber at the time of the arrest, as he was also by Philip Bieber a few minutes thereafter. A patrol wagon such as is employed in conveying prisoners charged with crime to police stations was called and plaintiff and his assistant were placed therein and were conveyed in the custody of officers to a police station on Clark Avenue. Philip and Sophie Bieber followed the officers when they took the plaintiff and his assistant into custody and were present while they waited for a time at 11th and Pine streets for the patrol wagon. Arriving at the station, to which Philip and Sophie Bieber had also repaired, charges were preferred against the plaintiff and his assistant for disturbing the peace, with Philip and Sophie Bieber as complaining witnesses. While in custody at the police station an officer started to search the plaintiff, but was

notified by the desk sergeant that this was not necessary. After giving personal bonds in the sum of $300 each for their appearance, they were, after half an hour's detention, released. Thereafter, upon a trial before a police court, they were found guilty and fined. Upon an appeal to the Court of Criminal Correction the judgment of the police court was reversed and plaintiff and his assistant were discharged.

I. In filing a demurrer to plaintiff's evidence the demurrant admits the truth of same and the conclusions a jury may reasonably draw therefrom. Hence a trial court in passing upon such a demurrer must consider the evidence to be true, and in so doing draw every inference in its favor that the law will warrant. Thus much for the rule, well established in our procedure, by which we are to determine the trial court's correctness in ruling upon the demurrer filed herein. [Meenach v. Crawford, 187 S. W. l. c. 882.]

**Demurrer.**

II. False imprisonment consists of the direct restraint of personal liberty. To establish it want of probable cause and malice need not be proved. [Tiede v. Fuhr, 264 Mo. l. c. 625.] Unlawful detention is the basis of the action. Actual seizure or the laying on of hands is not necessary to constitute an unlawful detention. If the party is within the power of the person making the arrest and subject to such power, but not of his own will, goes with his captor, it is an arrest such as is contemplated to authorize an action for false imprisonment. [Ahern v. Collins, 39 Mo. 146; Fellows v. Goodman, 49 Mo. 62; Dunlevy v. Wolferman, 106 Mo. App. l. c. 51.] We said in Tiede v. Fuhr, supra, that the character of the restraint, however courteous, would not destroy the plaintiff's right of action if it appeared that the writ under which he was held was without justification; and in a well considered case by the Kansas City Court of Appeals (Singleton v. Exhibition Co., 172 Mo. App. l. c. 307) it was held that if in the exercise of his authority an officer commands a person to accompany him and takes him to a place where persons ar-

**False Imprisonment.**

rested are usually taken and the person taken goes in submission to such authority and not of his own volition, this constitutes an arrest. This is in accord with the current of authority on this subject.

Let us recall briefly the vital facts in the instant case; the officer, under the direction of defendants, took plaintiff into custody, placed him in a patrol wagon and conveyed him to a police station where a charge was preferred against him for disturbing the peace, the defendants Philip and Sophie Bieber being entered as complaining witnesses. To compel his appearance at a hearing he was held to bail. Tried before a police court he was found guilty. On appeal to the court of criminal correction he was acquitted.

In Pandjiris v. Hartman, 196 Mo. 539, in which the issuable facts had their origin in the city of St. Louis, we said: "It is the right and privilege of any citizen knowing that one has committed or is in the act of committing a crime to arrest the offender or cause him to be arrested without waiting for a warrant, but in doing so the unofficial citizen takes this risk, to-wit, if it should turn out that the man whom he has arrested was not guilty of the crime, the citizen causing the arrest is liable in a civil action for whatever damages the arrested man sustained in consequence of his arrest and imprisonment. In such case it is no answer to the plaintiff's demand for damages for the defendant to say, 'I had reasonable cause to believe the plaintiff was guilty; I acted without malice; I took the advice of counsel learned in the law.' The only plea of justification or excuse is that plaintiff was guilty of the crime for which he was arrested."

The court's reasoning in the Pandjiris case is based upon facts sufficiently parallel to those in the instant case to authorize the application of the conclusion there reached to the latter. Thus applied, it follows, as expressly stated in that case (p. 548), that the plaintiff made out a prima-facie case when he introduced evidence tending to show that defendants had caused his arrest and detention without a warrant.

Defendants contend, however, despite these facts, that the arrest was lawful and hence that they cannot be held answerable therefor. This contention is based on the statute (Sec. 9805, R. S. 1909) applicable to cities of 300,-000 or over, which authorizes police boards in such cities, through the instrumentality of the police force, to "prevent crime and arrest offenders." This statute, as construed by the St. Louis Court of Appeals in State v. Boyd, 108 Mo. App. 518, and impliedly approved in a review of that case by this court (196 Mo. l. c. 59), is held to authorize a police officer within the jurisdiction defined to arrest for a misdemeanor not committed in his presence, provided he has reasonable grounds to suspect that the offense has been committed. The construction given the statute is a salutary one. Anyone at all familiar with civil conditions in cities as contradistinguished from the country, realizes that greater power should be given police officers to preserve the peace and arrest offenders in cities than is given to peace officers elsewhere. The court's interpretation of the statute, therefore, is no more than a recognition of this fact and arises, as have many of our laws defining crimes and regulating criminal procedure, out of the necessities of metropolitan life. Arising as the statute does out of necessity and impinging in its application on the liberty of the individual, the courts have been wisely wary to so limit its enforcement as to afford the least possible danger to the rights of the individual. Hence the court's proviso in its interpretation of the statute that the officer must have "reasonable grounds to suspect that a crime has been commited" before an arrest is authorized. The existence of such reasonable grounds rests upon the facts in each particular case and their force and sufficiency must be determined by the officer before he acts, otherwise there would be no limitation upon the power thus granted and human liberty would be subject to the whim and caprice of police officers or individuals and render possible arrests and detentions for trivial causes. While it is not necessary that an examination should disclose that an offense has really been committed, the facts upon which the arrest was based, to render the same lawful so

271 Mo.—22

far as concerns the officer, must be such as to afford at the time a substantial belief in his mind that an offense has been committed.

This subject has recently received the careful consideration of the St. Louis Court of Appeals in an opinion by NORTONI, J. (Wehmeyer v. Mulvihill, 150 Mo. App. 197), in which the wholesome doctrine is announced under a state of facts similar in their material features to those in the case at bar, that an arrest made under the statute (Sec. 9805) must be based upon something more than the mere vaporings of an excited citizen complaining of fancied wrongs which the officer has the opportunity to ascertain the true nature of before he arrests the accused.

The evidence here does not afford a basis for such a reasonable suspicion, much less the conclusion, that the plaintiff was engaged in other than an orderly discharge of his duties when the complaint was made against him which resulted in his arrest; and the officer, who is chargeable with having a knowledge of all of the facts he could have obtained by due diligence before he made the arrest (Stubbs v. Mulholland, 168 Mo. 47), had no facts in his possession at the time he took the plaintiff into custody, nor did he attempt to obtain any, other than the empty declaration of the defendant Sophie Bieber, to justify his action. The arrest, therefore, was unauthorized; the detention resulting therefrom unlawful, and the trial court should have submitted this case on the first count of the petition to the jury.

III. While causes of action sounding in false imprisonment and malicious prosecution may be joined in the same suit in different counts, which was the course pursued here, recovery can only be had on one count. [Boeger v. Langenberg, 97 Mo. 390; State ex rel. v. Robertson, 187 S. W. l. c. 37.] Under this state of facts our ruling on the count for false imprisonment may render unnecessary any discussion as to the sufficiency of the evidence to sustain the count for malicious prosecution, except to determine the question acutely arising as to whether the conviction of

Malicious
Prosecution.

plaintiff before a police court, notwithstanding his subsequent acquittal of the same charge upon a trial *de novo* before the Court of Criminal Correction, constitutes such probable cause as to justify the ruling of the trial court in sustaining the demurrer.

According to the weight of authority elsewhere a judgment of conviction in a criminal case is conclusive evidence of probable cause in an action for malicious prosecution, although the conviction has been reversed on appeal. [Hartshorn v. Smith, 104 Ga. 235; Thomas v. Muehlmann, 92 Ill. App. 571; Adams v. Bicknell, 126 Ind. 210; Witham v. Gowen, 14 Me. 362; Payson v. Caswell, 22 Me. 212; Sidelinger v. Trowbridge, 113 Me. 537; Thick v. Washer, 137 Mich. 155; Price v. Stanley, 128 N. C. 38; Smith v. Thomas, 149 N. C. 100; Fones v. Murdock, 157 Pac. (Ore.) 148; Womack v. Circle, 32 Grat. (Va.) 324; Saunders v. Baldwin, 112 Va. 431.]

The only case in this jurisdiction in which the rule above stated has been announced is that of Boogher v. Hough, 99 Mo. 183. If the rule as thus declared may properly be considered as a precedent in the determination of the case before us, then the contention of the respondent that the action of the trial court in sustaining the peremptory instruction so far as same applies to the count for malicious prosecution, must be sustained.

In the jurisdictions named it is held generally that a conviction before a justice of the peace followed by an acquittal on appeal is given the same probative force as in cases of conviction before courts of record, subject to the limitation in many cases that the hearing upon which the conviction was based must be fair and free from perjury.

In other jurisdictions a conviction before a justice of the peace is only regarded as prima-facie evidence of probable cause where on appeal to a higher court the same is set aside. [Nelson v. Harvester Co., 117 Minn. l. c. 301; Moffatt v. Fisher, 47 Iowa, 473; Olson v. Neal, 63 Iowa, 214; Skeffington v. Eylward, 97 Minn. l. c. 246; Nicholson v. Sternberg, 61 N. Y. App. Div. 54; Hanchey v Brunson, 175 Ala. 236; Goodrich v. Warner, 21 Conn. 432; Delany

v. Lindsay, 46 Pa. Sup. Ct. 26; Lindsey v. Couch, 22 Okla. 4.]

The reasons urged for the application of the rule with or without the limitation are that the accused, upon appeal, may have been acquitted by reason of some technicality not involved in the merits of the prosecution and having no bearing on the question of probable cause (Stone v. Stevens, 12 Conn. 219; Fox v. Smith, 26 R. I. 1); or the accused may have been acquitted when probable cause for his guilt has been shown, but the evidence failed to show his guilt beyond a reasonable doubt. [Philpot v. Lucas, 101 Iowa, 478; Godfrey v. Soniat, 33 La. Ann. 915; Britton v. Granger, 13 Ohio Cir. Ct. Rep. 281; Eastman v. Monastes, 32 Ore. 291; Anderson v. Friend, 85 Ill. 135; Saunders v. Baldwin, 112 Va. 431.]

In none of these cases, except that of Sidelinger v. Trowbridge, 113 Me. 537, were the convictions had before police courts. That in Boogher v. Hough, 99 Mo. 183, was before the St. Louis Court of Criminal Correction. In a large majority of the cases the reversals and consequent acquittals were not the results of trials *de novo* before judges of courts of record or juries, but upon appeals where the reviews were of necessity confined to an examination of the record alone of the proceedings below. Under such circumstances the reasons adduced for the application of the rule are evident. But where, as in a police court, the jurisdiction is limited to suits for the recovery of fines, penalties and forfeitures for violations of city ordinances and the proceedings are in the nature of civil actions (Sec. 1863, p. 939, R. C. of St. Louis, Rombauer, 1912; City of St. Louis v. Tiefel, 42 Mo. 1. c. 593; St. Louis v. Knox, 74 Mo. 79; St. Louis v. Weitzel, 130 Mo. 600; Ex parte Hollwedell, 74 Mo. 395; Canton v. McDaniel, 188 Mo. 207), and whatever criminal character they possess is due more to their effect than the procedure (Stevens v. Kansas City, 146 Mo. 460; Douglas v. Kansas City, 147 Mo. 428), and an arraignment or plea is not a prerequisite to the validity of the judgments rendered; and in the absence of an express ordinance, neither the Federal nor the State Constitution guarantees a trial

therein by jury (DeLaney v. Police Court, 167 Mo. l. c. 678), there is an absence of those characteristics which in the cases cited render pleas of former conviction, although subsequently reversed, conclusive evidence of probable cause in actions for malicious prosecution.

While not urged as determinative of this case, because the precedents cited afford, in our opinion, ample support for the conclusion reached, but as an individual opinion, another reason deemed substantial may be urged against the effective interposition of a plea of probable cause in a case of this character. It is this: a judgment upon reversal becomes not only non-existent, but as though it has never been. This is true in regard to every relation sustained by a reversed judgment except in actions for malicious prosecution. Where, upon appeal, there is simply a review of the record in cases of this character, reason may exist for the propriety of the plea of probable cause, although based on a reversed judgment of conviction; but where, as here, there has been a full and fair hearing upon the merits in the appellate court, there exists no reason why the general rule should not be applied and the record or judgment of conviction held to have no evidentiary force.

In accord, however, with what we deem to be a right application of the cases reviewed, we conclude that a showing of probable cause conclusive in its nature was not made, under all of the facts in this case, by the defensive interposition of the judgment of former conviction. To hold otherwise would be to deny a right of redress to one who perhaps had been illegally arrested and unlawfully detained, simply because in a hurried and perfunctory hearing before a police court following such arrest he had been convicted, although upon a trial *de novo* the judgment of conviction has been held for naught.

This holding is not to be understood as precluding the showing of a former conviction as prima-facie evidence of probable cause subject to rebuttal by proof of the reversal of the judgment of conviction in an appellate court after a full and fair hearing of all of the facts and any other relevant evidence, thus making the question of probable

cause, as it should be where disputed, one of fact for the jury upon all of the evidence in the case. Repeating the elementals applicable here as elsewhere: The question of probable cause is a mixed one of law and fact. Whether the circumstances alleged show probable cause is a question of fact to be found by the jury. Whether if true such circumstances amount to probable cause is a question of law to be determined by the court. [Brant v. Higgins, 10 Mo. 728; Hill v. Palm, 38 Mo. l. c. 22; Stubbs v. Mulholland, 168 Mo. l. c. 76; Carp v. Ins. Co., 203 Mo. l. c. 351.]

Holding as we do that the judgment of conviction here does not constitute probable cause, it follows that the acquittal of the plaintiff in the Court of Criminal Correction constituted, under our rulings, persuasive evidence of want of probable cause. (Sharpe v. Johnston, 59 Mo. l. c. 577, 76 Mo. l. c. 670; Sappington v. Watson, 50 Mo. 83; Casperson v. Sproule, 39 Mo. 39; Brant v. Higgins, 10 Mo. 728; Christian v. Hanna, 58 Mo. App. 37.]

We are not unmindful of the fact that the doctrine is announced generally in Boeger v. Langenberg, 97 Mo. l. c. 397, that evidence of an acquittal of a crime does not tend to establish want of probable cause in an action for malicious prosecution. BARCLAY, J., in speaking for the court in that case, uses this language: "This contention is so clearly contrary to the precedents that we dispose of it by merely referring to them." Williams v. Vanmeter, 8 Mo. 339, is the only Missouri case cited in support of the rule as thus announced. An examination of the opinion in that case, as well as the other authorities cited, does not support the unqualified announcement made in Boeger v. Langenberg. Judge SCOTT, who spoke for the court in Williams v. Vanmeter, said that "an acquittal is evidence of a want of probable cause to go to the jury, but of itself, and unaccompanied with any circumstances, would not be sufficient." The other authorities cited in Boeger v. Langenberg are of like tenor. The rule, therefore, correctly declared, cannot mean more than as indicated in Williams v. Vanmeter, in the light of which the declaration in Boeger v. Langenberg should be read. The Kansas City Court of Appeals so holds in a discriminating

opinion by SMITH, P. J., in Christian v. Hanna, 58 Mo. App. 37. The Springfield Court of Appeals in Eckerle v. Higgins, 159 Mo. App. 177, 140 S. W. 616, after a review of the cases, holds that evidence of an acquittal of a criminal charge on the merits will not suffice to establish a prima-facie case of want of probable cause in an action for malicious prosecution. This ruling, rightly interpreted, is not at a variance with that of this court in Williams v. Vanmeter, which is still the leading case on this subject, or of that of the Kansas City Court of Appeals in Christian v. Hanna. In fact, the Eckerle case, however much the reasoning may indicate a contrary opinion, is in exact accord with the doctrine announced in those cases and adopts the language of Christian v. Hanna in its conclusion. There is, therefore, no contrariety of opinion in this State on the subject, whatever may be the rulings thereon in other jurisdictions.

The evidence of plaintiff's acquittal, supplemented by other facts and circumstances, tended therefore to establish the essential element of a want of probable cause necessary, among others, to the successful maintenance of a suit of this character.

The evidence disclosed that the criminal prosecution upon which this action was based was instituted by defendants; that same terminated in plaintiff's favor; that there was want of probable cause on the part of the defendants to believe plaintiff guilty of the offense charged; and that there was evidence of malice in the institution of the prosecution by defendants. [Ruth v. Transit Co., 98 Mo. App. 1.] These are the requisites to the maintenance of an action for malicious prosecution and in their presence the case should not be taken from the jury by a peremptory instruction. [Stubbs v. Mulholland, 168 Mo. l. c. 89.]

The action of the trial court, therefore, in sustaining the peremptory instruction, so far as same was based upon the presence of probable cause as a defense, was not authorized.

This necessitates a reversal, that a trial may be had in conformity with this opinion. It is so ordered.

*Graves, C. J.,* and *Woodson, J.,* concur in separate opinion by *Graves, C. J.; Blair* and *Williams, JJ.,* concur in result; *Bond* and *Faris, JJ.,* dissent.

GRAVES, C. J. (concurring).—In this case my views may be broader than some of the case law. However this may be, I desire to give the reasons for the views I have. In a civil action for malicious prosecution the gist of the action is the absence of probable cause. I agree that mere guilt or innocence is not the question for determination. The question is, was there probable cause for the prosecution of the criminal charge? The plaintiff in such civil case is not confined in his proof to the actions of courts in the criminal case, unless there is a final judgment of conviction, in which case such final judgment of conviction stands as conclusive proof of probable cause for the criminal prosecution. A man can't say (absent fraud and wrongful conduct in the criminal case) that there was no probable cause for his prosecution, in the face of a final judgment of conviction. All this does not go directly to my views on the instant case. The purpose of introducing the judgment of the police court was to show a fact, i. e., that there was probable cause. This point must not be overlooked. To state it differently, the judgment is admitted in evidence to show the fact that there was probable cause for the prosecution. Facts at issue in a case may be shown by judgments or by other record evidences, but sight must not be lost of the idea that the sole purpose of introducing the judgment is to prove a fact at issue in a lawsuit, and for nothing else. Such a judgment is purely evidentiary in this kind of a case. To be evidentiary it must first be a judgment. Now in the instant case the introduction of a final judgment upon appeal from the police court's judgment, shows a reversal of the police court's judgment. The law authorizes the appeal, and when such appeal is granted and the defendant is acquitted on appeal there is no judgment of conviction standing against him, for any purpose. It cannot be well said that there is a judgment which will prove probable cause, and yet say that there is no judgment for any other purpose.

The judgment of the police court was nullified and destroyed for all purposes by the judgment on appeal from such police judgment. Having been so destroyed it was no evidence of probable cause.

To illustrate: I bring a suit in the circuit court and obtain a judgment. So long as that judgment stands it is evidence, conclusive, of the facts held in judgment. But the law allows an appeal and my opponent does appeal and the appellate court directs or enters a judgment for my opponent. Can it be said that this judgment of the circuit court still has evidentiary force as to the facts adjudicated? We think not.

The finding of a true bill by a grand jury and the commitment by a committing magistrate stand upon different footings. From neither is there an appeal allowed. They are final, and whatever may become of the case thereafter, these findings, as matters of record, are left undisturbed.

For these reasons, as well as those stated in the majority opinion, I concur in such majority opinion.

*Woodson, J.,* concurs in these views.

BOND, J. (dissenting).—I. I herewith file, with some additions following the same, my opinion in Division as the ground of my dissent from the learned majority opinion of the Court in Banc in this case.

Statement.
Action in two counts, the first alleging false imprisonment and the second malicious prosecution. At the close of plaintiff's case the court sustained demurrers to the evidence on both counts and plaintiff took an involuntary nonsuit, which the court refused to set aside, whereupon he appealed to this court.

The suit grew out of the following facts:

On June 20, 1913, plaintiff, an employee of the Condie-Neale Glass Company, was instructed to go to the Century Building in St. Louis, to make certain measurements and calculations in order that said company could bid upon new plate glass which was to be used in the reconstruction of said building.

On the day in question plaintiff took measurements of the windows in various rooms in the building and

finally reached defendant Bieber's store on the second floor. As he entered he explained his errand to one Armstrong, who made no reply, and plaintiff then proceeded to measure the windows. As he was calling out the sizes to his companion, Frampton, who was entering them in a note book, Philip Bieber came in and ordered him to "get out." An altercation ensued during which Sophie Bieber, cashier for the Bieber Shoe Company, sent for a police officer, who arrested plaintiff and his companion. They were taken to the police station where charges were filed against plaintiff under the ordinance for disturbing the peace, and upon the trial of that case in the police court plaintiff and his companion were found guilty and fined, but upon appeal to the court of criminal correction they were acquitted.

II. The trial court did err in sustaining the demurrer to the count for malicious prosecution. That action is only maintainable upon evidence tending to show that the plaintiff has been subjected to a prosecution, malicious and without probable cause, and which has ended. [Sharpe v. Johnston, 76 Mo. 660; Firer v. Lowery, 59 Mo. App. 1. c. 96.] Probable cause is a belief in the truth of the accusation prosecuted, based upon facts or circumstances brought to the knowledge of the prosecutor, which would reasonably induce such belief in the minds of men of ordinary prudence similarly situated. The finding of an indictment or a commitment by an examining magistrate, is prima-facie evidence of probable cause. A conviction of the accused by a judicial tribunal, not procured by fraud or unfair means, is conclusive evidence of the existence of probable cause for his prosecution and defeats any action therefor, notwithstanding such conviction may be reversed in a court of last resort. The reason of this rule is the just and proper inference that the conviction rests on reasonable grounds and hence is within the rule defining the elements of probable cause. For a similar reason the advice of a capable or reputable attorney given and received in good faith, constitutes probable cause and is

*Malicious Prosecution.*

equally a defense to a suit based on a prosecution con-
ducted by the defendant in conformity with the advice
of such counsel. [Boogher v. Hough, 99 Mo. 1. c. 185;
Sidelinger v. Trowbridge, 113 Me. 537; Crescent Live
Stock Co. v. Butchers' Union Slaughter House Co., 120
U. S. 141; Saunders v. Baldwin, 112 Va. 431; Smith v.
Thomas, 149 N. C. 100.] The result of reason and the
great weight of authority in other states sustains the con-
clusion that the conviction of the plaintiff in the police
court, although subsequently set aside on appeal, is a
complete bar to the count for malicious prosecution, since
it demonstrates the *existence* of probable cause, *the ab-
sence of which* is one of the indispensable elements to the
maintenance of such an action.

III. False imprisonment is essentially distinguish-
able from its kindred action of malicious prosecution, al-
though both may be joined in the same suit by different
counts setting forth each. But when the two causes of ac-
tion originate in the same facts there can be
only one recovery. [Pandjiris v. Hartman,
196 Mo. 539; Boeger v. Langenberg, 97 Mo. 1.
c. 397; 19 Cyc. 358.] Where a citizen, directly or by pro-
curement through an officer causes the arrest of another,
the essential question to be decided is whether or not such
arrest was lawful. If made under a warrant the inquiry
need not go further than to ascertain the lawfulness and
regularity of its issuance and contents. If made without a
warrant, the question to be determined is the rightfulness
of the caption under the applicatory law. If the end of
both inquiries reveals the lawfulness of the arrest, then it
is wholly immaterial whether the motives of the captors
were malicious, and in case the arrest is made in pursu-
ance of a warrant, regular in all respects and properly is-
sued, it is wholly immaterial whether any probable cause
existed for making it. But even an unlawful arrest may
be justified by the ultimate conviction of the party appre-
hended of the crime for which he was taken into custody.
With one exception (McCullough v. Greenfield, 133 Mich.
463, 1 Am. & Eng. Ann. Cas. 924, and notes) this rule

*False Imprisonment.*

seems to be the universal doctrine.  [Cuniff v. Beecher, 84 Hun (N. Y.), 137; Pandjiris v. Hartman, 196 Mo. l. c. 546.]  In the case at bar the arrest of the plaintiff did not result in his final conviction, for although fined in the police court, he was acquitted upon an appeal to the Court of Criminal Correction.  Neither in the case at bar was the officer who arrested the plaintiff armed with a warrant or other legal process.  The only question for decision, therefore, is the lawfulness of the arrest under the facts and circumstances disclosed on the trial.

The grounds authorizing an officer or a private citizen to make an arrest for a felony need not be considered, since the charge in this case was only a misdemeanor. [19 Cyc. 348, par. 2.]

Under the statute applicable to arrest by police officers in the city of St. Louis, it has been held that arrests may be made by such officers without a warrant, provided the officer making the arrest has reasonable grounds to suspect that a misdemeanor has been committed.  [State v. Boyd, 108 Mo. App. l. c. 522, and cases cited; Wehmeyer v. Mulvihill, 150 Mo. App. l. c. 206; State v. Hancock, 73 Mo. App. 19; State v. Grant, 76 Mo. 236.]  It has also been soundly ruled by the St. Louis Court of Appeals that if the actual arrest was lawful, an action for false imprisonment will not lie, regardless of the fact that the officer was instigated in making the arrest by a third person, or what may have been the motive of either.  [Bierwith v. Pieronnet, 65 Mo. App. l. c. 433, and cases cited.]  And this must be true for the plain reason that the lawfulness of the arrest being of the essence of a right to sue for false imprisonment, no action can arise as against any one, where the facts and circumstances in the record disclose that the arrest was not unlawful when made.  The evidence adduced by plaintiff tended to prove that an altercation between himself and a companion on the one side, and some of the employees of the defendant on the other side, took place; that a police officer was called in and a complaint made to him of a breach of the peace, and that upon the assurance of the employees of the defendant that they would prosecute the charge, the plaintiff was taken to

the police station where a formal charge was made and a trial had in which the following judgment was rendered:

"On the 27th day of June, 1913, comes the city attorney, for the city of St. Louis, and the defendant in his own proper person also comes, and having seen and heard read the information herein, says he is not guilty in manner and form as therein charged. And the court having heard the evidence and being fully advised of and concerning the premises, doth find the defendant guilty as charged, and assesses his punishment at a fine of $10. It is therefore considered and adjudged by the court," etc.

Upon an appeal from that judgment the plaintiff was acquitted.

Under these circumstances it cannot be said that the officer made the arrest without reasonable cause to believe the plaintiff to be guilty of a breach of the peace. [Hicks v. Faulkner, 46 L. T. Rep. (N. S.) 1. c. 128.]   He was, therefore, performing his duty and it was immaterial as to any liability on his part, that the party arrested was subsequently acquitted. The same rule must apply when the action, as in the present case, is brought against the private citizen who instigated an arrest made in the circumstances which protected the officer. He had the same right as the officer to make the arrest, and is no more responsible for having procured it than was the officer who apprehended the plaintiff in conformity to the rule of law governing the action of the police force in the city of St. Louis.

IV.   I desire to add to my Divisional opinion supra, a fuller explication of the legal principles therein stated, and a discussion of the divergent doctrines expressed in the learned majority opinion, so that it may fully appear why I dissent from the rulings in Banc.

Attending first to the unfolding of the reason for the legal principles which, on account of the conciseness of statement, may not have been sufficiently demonstrated in

my foregoing opinion. There is nothing clearer or better settled in this State or elsewhere, than the rules governing the maintenance of actions for false imprisonment and for malicious prosecution. The first lies simply for an illegal arrest or detention. Where a person is arrested or imprisoned by another, the latter must show that the taking was under a lawful warrant, or under circumstances justifiable in law without the issuance of a warrant. In misdemeanor cases, in St. Louis, either of these predicates will justify the arrest of a person by an officer of his own motion, or upon the request of a private citizen. [Wehmeyer v. Mulvihill, 150 Mo. App. 1. c. 205, 206, and cases cited.]

*False Imprisonment and Malicious Prosecution: When an Action is Not Maintainable.*

If either of these grounds exist no action for imprisonment can be maintained, however malicious may be the motives of the captor or instigator; for the arrest being a lawful one in itself, the groundwork of the right of action therefore fails. That an officer in St. Louis is authorized to arrest for a misdemeanor committed, not in his presence, if he has reasonable grounds to *suspect* the commission of that offense, is supported by the cases cited in my opinion, supra, and is admitted in the majority opinion.

This brings the matter of the ruling of the trial court sustaining the demurrer to the count for false imprisonment to one point: did the officer have reasonable grounds to *suspect* plaintiff to have been guilty of a misdemeanor when he made the arrest? If reasonable grounds existed for such suspicion at the time of his arrest, it is wholly immaterial whether plaintiff was guilty or innocent or with what motive the arrest was made; for the arrest being lawful, no cause of action could arise and hence no liability on the part of any one could flow from having made or caused it, or as said by the Court of Appeals, 150 Mo. App. 1. c. 205, speaking through NORTONI, J.:

"As a proposition, it is true that no action for false imprisonment may be maintained for an arrest which is lawful, no matter at whose instigation nor for what motive the arrest was made. [Bierwith v. Pieronnet, 65 Mo. App. 431; 12 Am. & Eng. Ency. Law [2 Ed.] 726, 739;

Merchant v. Bothwell, 60 Mo. App. 341; Finley v. St. Louis Refrigerator etc. Co., 99 Mo. 559.   See also, Taaffe v. Slevin, 11 Mo. App. 507; Taaffe v. Kyne, 9 Mo. App. 15.]''

The undisputed evidence is that after a quarrel, growing out of plaintiff's attempt to do certain work on the premises of defendant, he was ordered or pushed out of the store and pending the ensuing altercation and quarrel with defendants, he was arrested by a policeman at the request of defendants upon a charge of a breach of the peace, they informing the policeman of the facts charged, and stating they would prosecute the plaintiff. Upon the charge thus made, defendants did prosecute in the police court, where a judgment of ''guilty'' was rendered against plaintiff (set out in my foregoing opinion) which was reversed on an appeal.   Whether these facts constituted a sufficient basis for a reasonable suspicion by the officer that plaintiff had disturbed the peace of defendants was necessarily a question of law, as is always the determination of the legal effect of conceded facts. Confronted with the duty thus imposed on it, the trial court could not shut its eyes to the probative force of these facts—without doubt a reasonable basis for a suspicion that plaintiff was a party to a breach of the peace —and being further cognizant of the law, that if the officer was not liable then there was *no false arrest,* the trial court, in the proper administration of justice, sustained a demurrer to the evidence adduced by plaintiff in support of the count for false imprisonment.

V.   The third paragraph of the majority opinion discusses the question of the effect of the judgment of conviction of plaintiff in the police court (copied in my opinion supra) as negativing the ''want of probable cause,'' which it was essential for plaintiff to show in order to recover on the count for malicious prosecution.   That such was the legal effect of that judgment irrespective of its subsequent reversal, I do not think was ever questioned in this State prior to the learned majority opinion.   The announcement of that general rule was made by this court at an early

Majority Opinion Discussed.

date, when, in speaking of a conviction had in the Court of Criminal Correction (a court having the ordinary jurisdiction of a justice of the peace) which had been set aside, it said:

"Ordinarily, at least, this would be conclusive evidence of the existence of probable cause, although the same may have been afterwards reversed on appeal, and the party discharged. See cases cited in briefs of counsel." [Boogher v. Hough, 99 Mo. l. c. 185.]

To the same effect are: Crescent City L. S. Co. v. Butchers' Union Co., 120 U. S. l. c. 151; 26 Cyc. 42, par. b, notes 10, 11 and 12 and citations thereunder; McElroy v. C. P. Co., 254 Ill. 297; Topolewski v. Plankinton Pack. Co., 143 Wis. l. c. 64; Schnider v. Montross, 158 Mich. 263; Casey v. Dorr, 94 Ark. 433; Duerr v. Bridge & R. R. Co., 132 Ky. 228, L. R. A. (N. S.) 1916F, p. 196, and notes; Sidelinger v. Trowbridge, 113 Me. 537.

In considering the defenses to an action for malicious prosecution, its essential elements must be clearly comprehended; referring to which a capable text-writer says:

"There are two things which are not only indispensable to the support of this action, but lie at the foundation of it. The plaintiff must show that the defendant acted from *malicious motives* in prosecuting it, and that he had no *sufficient reason* to believe him to be guilty. If either of these be wanting the action must fail. A man from *pure malice* may prosecute another who is really guilty or whom, from sufficient grounds, he believes to be guilty, although in fact innocent, and no action will lie against him." [Newell, Malicious Prosecution, sec. 6, p. 7.]

See also, Wills v. Noyes, 29 Mass. 324; Adams v. Bicknell, 126 Ind. 210 et seq.

The ground upon which the trial court directed a finding for the defendant on the second count, was the legal effect of the judgment of conviction as a showing of probable cause for the prosecution of plaintiff. That ruling was correct under the conceded facts in this record.

An unimpeachable judgment of conviction by any court of any dignity, is necessarily based on a finding of

guilt, and, therefore, a finding of just grounds to prosecute the accused. It is therefore an antithetical example of the contrary of "without probable cause," or in other words it shows the existence of probable cause in the mind of the judge, and hence disproves, by such showing of the status in the mind of the court, the alleged non-existence of probable cause, which allegation plaintiff must establish or fail in his suit. It obviously follows that such conviction involving such belief in the mind of the judge (a reasonable man) responds fully to the definition of probable cause, which is, only the reasonable *belief* of a reasonable man in the existence of probable cause to prosecute, not the fact of the actual existence of probable cause, nor the innocence or guilt of the accused, these being of no "legal moment." [Wilkinson v. McGee, 265 Mo. l. c. 582, et seq.; Sharpe v. Johnston, 76 Mo. 660; Vansickle v. Brown, 68 Mo. l. c. 635; Callahan v. Kelso, 170 Mo. App. l. c. 341.] The basis of the suit being thus taken away, the trial court would have been derelict in duty if it had allowed the case to go to the jury after the appearance in evidence of the record of the conviction of plaintiff in the police court, regardless of the reversal of such judgment in a higher court. On this point says Judge COOLEY:

"A conviction of the accused is conclusive evidence of probable cause unless it was obtained by fraud or unfair means which may be shown in rebuttal, and this is true though afterwards on appeal the conviction is set aside or the accused acquitted." [1 Cooley, Torts (3 Ed.), 333, 334, note 73 and cases cited.]

On the same point says Mr. JOYCE:

"While an acquittal is prima-facie evidence of want of probable cause, a conviction on the other hand is conclusive evidence that there was probable cause for commencing and continuing the prosecution and will relieve the defendant in an action for malicious prosecution from liability therefor. And this is declared to be the effect of evidence showing a conviction in a criminal action even though such conviction may be reversed on writ of error." [1 Joyce, Damages, sec. 433.]

See also Morrow v. Wheeler & Wilson Mfg. Co., 165 Mass. 349; Hartshorn v. Smith, 104 Ga. 235; Root v. Rose, 6 N. D. 575; Holliday v. Holliday, 123 Cal. 26; Price v. Stanley, 128 N. C. 38; 19 Am. & Eng. Ency. Law (2 Ed.), 666.

In a very recent case (Saunders v. Baldwin, 112 Va. l. c. 433, 434) where a conviction before a *justice of the peace,* reversed on appeal, was interposed as a defense to an action for malicious prosecution, in sustaining that defense the court said:

"In the great majority of the jurisdictions which have passed upon the question, such a judgment is held to be conclusive evidence of probable cause, unless (as is the rule in most of the cases) such judgment was procured by fraud or undue means on the part of the defendant. [See Crescent City Co. v. Butchers' Union Co., 120 U. S. 141; Bacon v. Towne, 4 Cush. 217; Morrow v. Wheeler & Wilson Mfg. Co., 165 Mass. 349; Herman v. Brookerhoff, 8 Watts (Pa.), 240; Cooper v. Hart, 147 Pa. St. 594; Burt v. Place, 4 Wend. (N. Y.) 591; Palmer v. Avery, 41 Barb. 290; Spring & Stepp v. Besore, 12 B. Mon. (Ky.) 551; Kaye v. Kean, 18 B. Mon. (Ky.) 839; Payson v. Caswell, 22 Maine, 212, 226; Thomas v. Muehlmann, 92 Ill. App. 571; Adams v. Bicknell, 126 Ind. 210; Holliday v. Holliday, 123 Cal. 26; Hartshorn v. Smith, 104 Ga. 235; Griffis v. Sellars, 19 N. C. 492; Boogher v. Hough, 99 Mo. 183; Welch v. Railroad, 14 R. I. 609; Root v. Rose, 6 N. D. 575; Hope v. Everett, 17 Q. B. Div. 338; Reynolds v. Kennedy, 1 Wils. 232; Newell on Malicious Prosecution, pp. 299, 300; 1 Cooley on Torts (3 Ed.), 333-4; 2 Greenleaf on Ev. (15 Ed.), sec. 457; Freeman's note to Ross v. Hixon, 26 Am. St. 142-3; 3 Lawson's Rights and Remedies, sec. 1093; 26 Cyc. 39-40; 19 Am. & Eng. Ency. Law (2 Ed.), 666, 667; Note to Wells v. Parker, 6 Am. & Eng. Ann. Cas. 261."

Continuing the court said further:

"Upon principle as well as upon authority, it seems to us that if there be a conviction by a justice or other trial court having jurisdiction of the case, which is reversed upon appeal or writ of error and the accused acquitted,

such judgment of conviction in an action for malicious prosecution should be held to be conclusive evidence of probable cause, unless it be shown that it was procured by the defendant through fraud or by means of testimony which he knew to be false.

"This is substantially the doctrine approved in the case of Crescent City Co. v. Butchers' Union Co. supra, by the Supreme Court of the United States, after a review of a number of the conflicting decisions on the subject. The conclusion reached by the court in that case, in our opinion, does, to a great extent, as that court said, seem 'to reconcile the apparent contradiction in the authorities, and states the rule which we think to be well grounded in reason, fair and just to both parties, and consistent with the principle on which the action for malicious prosecution is founded.' " [112 Va. 1. c. 441.]

This luminous and logical statement of the law after a review of all the authorities, is followed in Haddad v. Railroad, 88 S. E. 1038, and Fones v. Murdock, 80 Ore. 340—all rendered in 1916.

It thus appears that in reason and upon the great weight of recent authority, a conviction before a *justice* or inferior tribunal, obtained without fraud or perjury, although reversed upon appeal, is *conclusive* evidence of probable cause and defeats an action for malicious prosecution. A few courts (21 Conn. 432; 63 Iowa, 214; 97 Minn. 244; 77 Neb. 626; 61 App. Div. N. Y. [a trial court] 51) have held such a conviction to be prima-facie evidence of probable cause, but no court nor text-writer has ever held that such conviction was not, at least, prima-facie evidence of probable cause.

Assuming it then to be incontrovertible that a prior conviction by a court having jurisdiction (although afterwards reversed) is, in the vast majority of cases, conclusive evidence of probable cause, and even in the few exceptional cases held to be prima-facie evidence of probable cause, and bearing in mind the fact that the conviction of plaintiff was established and admitted on the trial, I cannot perceive any basis in the adjudged law, for the theory of the majority opinion expressed, to-wit: "From

all of which we conclude that a showing of probable cause was not made under all of the facts in this case by the defensive interposition of the judgment of former conviction;" nor the following statement in the next paragraph: "This holding is not to be understood as precluding the showing of a former conviction as prima-facie evidence of probable cause, subject to be rebutted by proof of the reversal of the judgment of conviction in an appellate court, after a full and fair hearing of all the facts and any other relevant evidence;" nor for the further statement on the succeeding page, that the subsequent acquittal of plaintiff was "persuasive evidence of want of probable cause."

In the first of these quotations it is broadly stated that a showing of probable cause "was not made" by evidence of the prior conviction of the plaintiff. This, I think, is contrary to the universal case law, as has been shown. The second quotation, however, seems to modify the first, by stating that the "former holding" is not to prevent the introduction of evidence of the prior conviction as affording prima-facie evidence of probable cause, "subject to rebuttal by proof of the judgment of conviction in the appellate court," etc. This modification, under the facts in this case, does not remove the disharmony between the rulings and the settled law on the subject. There was not a particle of evidence with reference to the happenings at the two trials of the plaintiff, except the record showing that he was convicted by police Judge Kimmell, now circuit judge of the city of St. Louis, on June 27th, after a trial and a plea of "not guilty;" and that subsequently on another trial in the Court of Criminal Correction, before Judge Clark, he was acquitted. There is no claim or pretense that the judgment of conviction was unfairly or fraudulently procured, as it must have been in order to do away with its presumptive force. [See Boogher v. Hough, 99 Mo. l. c. 186.] In this state of the record and in the light even of the cases relied on in the majority opinion, that a prior conviction (although reversed) is prima-facie evidence of probable cause, it seems difficult to understand how that legal presumption could be re-

butted by proof of a fact (reversal of the judgment) which was one of the hypotheses upon which all the rulings as to the nature of the presumption arising in such cases are based. It seems to me that the logic of these two quotations is irreconcilable, even with the few cases which hold that a *reversed* conviction is prima-facie proof of probable cause For if it is prima-facie, though reversed, then in the nature of things proof of the reversal cannot affect the legal presumption arising despite such reversal.

As to the third quotation, supra, from the majority opinion, I hold the law to be that where there has been no previous conviction, then an acquittal, as a part of other facts and circumstances tending to prove want of probable cause, is receivable in evidence for that purpose. But standing alone, and unaccompanied by such evidentiary facts and circumstances, it is not evidence of want of probable cause. [Williams v. Vanmeter, 8 Mo. l. c. 342; Boeger v. Langenberg, 97 Mo. l. c. 397, 398; Smith v. Burrus, 106 Mo. l. c. 99 (SHERWOOD, J., adopting the language of Judge COOLEY); Wilkinson v. McGee, 265 Mo. l. c. 584; Christian v. Hanna, 58 Mo. App. l. c. 45; Eckerle v. Higgins, 159 Mo. App. l. c. 186.]

In the leading case of Williams v. Vanmeter, Judge SCOTT said: "It cannot be maintained that in an action for malicious prosecution, proof that the defendant instigated it, and a production of the record of acquittal, will entitle the plaintiff to a verdict. . . . The acquittal, together with the circumstances under which it was effected, may be sufficient as in the case put, where, upon the calling of the cause, the prosecutor, *who was in court, absented himself.* . . . An acquittal is evidence of the want of probable cause to go to the jury, but of itself, and unaccompanied with any circumstances, would not be sufficient."

Judge SCOTT's ruling is in accurate accord with the doctrine laid down by Judge COOLEY and adopted by this court through Judge SHERWOOD, in Smith v. Burrus, 106 Mo. l. c. 99, viz.: "The mere discontinuance of a criminal prosecution, or the acquittal of the accused, will establish

for the purposes of this suit neither malice nor want of probable cause. But if an arrest is made in a civil suit which is afterward *voluntarily discontinued,* the discontinuance has been held to furnish prima-facie evidence of a want of probable cause." (Italics ours.)

In Christian v. Hanna, after reviewing the authorities and showing the distinction between a voluntary withdrawal of a prosecution and an acquittal of the accused after a trial by jury, it was held, with reference to the latter: "The production, therefore, of a verdict of acquittal is not *per se* sufficient to originate the inference of want of probable cause." [58 Mo. App. l. c. 45.]

In a still later case in the Court of Appeals, after reviewing the preceding authorities on this topic, it was said: "First, if there was a trial on the merits in the criminal case, then the introduction of the record showing the acquittal is insufficient to make a prima-facie case." [Eckerle v. Higgins, 159 Mo. App. l. c. 186.]

I take it these excerpts establish the correctness of the foregoing views. In none of these cases was the court dealing with an acquittal where there had been a *previous conviction;* for had that happened the legal presumption arising from a conviction followed by an acquittal would have existed as has been shown, in full vigor, and a subsequent acquittal would have possessed no evidentiary potency as against that presumption.

I conclude that this quotation from the learned majority opinion was written without connoting the fact that the limited use of a record of an acquittal, after a trial on the merits, is applicable only in cases where there has not been a previous conviction without fraud or perjury, of the accused by a court having jurisdiction of the offense. As that is the record before us, it follows that the acquittal in this case would not be "persuasive evidence of want of probable cause." Moreover, even if there had been no previous conviction in this case, and the record had properly presented the question ruled on in that quotation, then the adoption of that view in the breadth stated therein, would involve the reversal of the decisions of

this and other appellate courts in this State from the eighth Missouri Report to the two hundred and sixty-fifth.

For the foregoing reasons I am constrained to dissent from the views of the majority opinion in this case. I think the trial court correctly withdrew the case from the jury on the first count because the arrest by the police officer was in strict conformity to law, and on the second count because the undisputed evidence shows that defendant had probable cause for the prosecution of plaintiff.

Owing to certain changes in the text of the majority opinion since the writing of this dissenting opinion, the quotations herein from the majority opinion are not now literally accurate as they were when made. It is evident, however, that the alterations in the learned majority opinion do not answer the argument or avoid the decisions set forth in the dissenting opinion, which apply with equal force to the present as to the former text. Hence it is unnecessary to add anything further to what has been said above.